■ INCORPORATED VILLAGE OF ARDSLEY, Appellant-Respondent, v TOWN OF GREENBURGH et al., Respondents-Appellants.—In an action for a declaratory judgment and injunctive relief, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, dated January 25, 1979, which, *inter alia,* (1) held that the defendant Town of Greenburgh could not deny residents of the Village of Ardsley access to Greenburgh Town Park, because the park extended into the Village of Ardsley, (2) directed the village to pay the town its share of the costs of financing, operating and maintaining Greenburgh Town Park, and (3) held that the restrictive covenant contained in the deed between the town and the former private owners of the parkland, which restricted access to the park to Heatherdell Road and Olympic Lane in the Village of Ardsley, was unenforecable and void. Judgment modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision that the expenses of financing, operating and maintaining the Greenburgh Town Park are town-wide charges, to be assessed, levied and collected from all taxable property in the town. As so modified, judgment affirmed, without costs or disbursements. In 1975 the Town of Greenburgh purchased the Scarsdale Bath and Tennis Club from its private owner to form Greenburgh Town Park. A substantial portion of that park, i.e., approximately 4 out of 20 acres, lies within the Village of Ardsley. Although the park was created without the consent of or an agreement with the Village of Ardsley (see General Municipal Law, § 244-b), such action was permissible pursuant to subdivision 4 of sec-

tion 220 of the Town Law (see *Incorporated Vil. of Lloyd Harbor v Town of Huntington,* 4 NY2d 182). However, a park created pursuant to subdivision 4 of section 220 of the Town Law is a general town improvement open to all residents of the town, whether they be from incorporated or unincorporated areas (see *Incorporated Vil. of Lloyd Harbor v Town of Huntington, supra).* Since the park is a town-wide improvement, the expenses incurred in financing, operating and maintaining it are town-wide charges, to be assessed, levied and collected from all taxable property in the town (see Town Law, §§ 232, 245; 25 Opns St Comp, 1969, p 55). Mollen, P. J., Hopkins, Titone arld Weinstein, JJ., concur.

